UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JIMMY GETTINGS,<br><br>         Plaintiff,<br>v.<br>PHILIPPINE AIRLINES, et al.,<br><br>         Defendants. | Case No. 2:15-cv-00705-APG-PAL<br><br>**ORDER**<br><br>(IFP Application – Dkt. #1) |

This matter is before the Court on Plaintiff Jimmy Gettings' Application to Proceed *In Forma Pauperis* (Dkt. #1) filed April 17, 2015. Plaintiff is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a Complaint. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(a) and LR 1-3 and 1-9.

I. **IN FORMA PAUPERIS APPLICATION (DKT. #1)**

Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's Complaint.

II. **SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints"). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(e),

1

1  a plaintiff should be given leave to amend the complaint with directions as to curing its
2  deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be
3  cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A. Plaintiff's Factual Allegations and Claims for Relief

This case arises from Plaintiff's purchase of an airline ticket for himself and his Chihuahua dog, Shilo to travel from the Philippines to Guam in January 2015. *See generally* Complaint (Dkt. #1-1). Plaintiff alleges the following in his Complaint. Plaintiff purchased the airline tickets from Defendant Philippine Airlines using his Visa debit card issued by Defendant U.S. Bank. About three days prior to departure, Plaintiff visited the Philippine Airlines office at the airport in Manila to confirm that he had met all requirements for his pet to travel with him to Guam. Airline representatives directed Plaintiff to the cargo terminal to make a reservation for the transport of a live animal. Once at the cargo terminal, Philippine Airlines representatives reviewed the paperwork and gave Plaintiff a reservation for Shilo.

On or about January 21, 2015, Plaintiff and Shilo boarded the flight from Manila to Guam. Plaintiff proceeded to the cargo terminal to pick-up Shilo after the flight and was told that he would have to wait for customs to clear the dog. Philippine Airlines cargo personnel and customs officials told Plaintiff that a form required by Guam officials was missing from Plaintiff's paperwork. Specifically, Plaintiff did not have a permit issued by Guam authorities to bring Shilo into Guam. As a result, Plaintiff was told that his only two options were: (1) to return to Manila, or (2) Guam officials would kill Shilo. Additionally, the airline and customs officials would not let Shilo out of the small transport cage; thus, the dog had no access to food or water and was unable to relieve herself for 12 hours straight. Eventually, Plaintiff asked if he could purchase a one-way ticket for himself and Shilo on another airline to the mainland United States, and he was permitted to do so. However, this caused Plaintiff to incur a steep, unplanned expense as the cost of the one-way ticket was $1,350 for himself and $350 for the pet.

Plaintiff alleges the following claims against Defendants Philippine Airlines, U.S. Bank, U.S. Bancorp, and Visa: (1) Fraud, (2) Breach of Contract, (3) Wire Fraud, (4) Bank Fraud, (5) Credit Card Fraud, (6) Consumer Fraud, and (7) Intentional Infliction of Emotional Distress.

Plaintiff seeks a refund of all costs associated with the flights, quarantine of Shilo at a veterinarian facility in Guam, as well as damages for pain and suffering.

### B. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions, with limited exceptions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). For the purposes of § 1915's screening requirement, a properly pled complaint must therefore provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Cf.* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555.

Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*). For the reasons discussed below, the Court finds the Complaint does not state a proper jurisdictional basis as it fails to meet the minimum amount in controversy to invoke diversity jurisdiction.

/ / /

/ / /

**C.    Analysis**

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A federal district court is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007).[1] A court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 577 (1999). Personal jurisdiction gives a court jurisdiction over the *person or entity* against whom the case is brought. Subject matter jurisdiction gives a court jurisdiction over the *type of case* that a plaintiff brings. There are two kinds of subject matter jurisdiction: (a) federal question, 28 U.S.C. § 1331; and (b) diversity of citizenship, 28 U.S.C. § 1332. Dismissal is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008). Here, Plaintiff's Complaint does not allege any proper grounds for this Court's jurisdiction.

**1.    Federal Question Jurisdiction**

First, the Complaint does not allege valid claims arising under the Constitution or federal law. Federal question jurisdiction gives the district court original jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Of Plaintiff's seven claims, only four have an arguable basis in federal law: his claims for certain types of fraud, including wire fraud, bank fraud, credit card fraud, and consumer fraud. Both wire fraud and bank fraud are federal crimes prohibited by 18 U.S.C. § 1343 and § 1344. In certain circumstances, acts relating to credit card fraud and consumer fraud may be charged as federal crimes under Title 18 of the United States Code. However, as a general rule, there is no

---

[1] *See also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quotation omitted).

4

1  private right of action under Title 18.  *Dyson v. Utigard*, 163 F.3d 607, 607 (9th Cir. 1998);
2  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under Title
3  18).  In plain English, this means that a plaintiff may not sue defendants for violation of the wire
4  fraud and bank fraud statutes or any other federal crime described in Title 18.  Therefore,
5  Plaintiff fails to state a valid claim arising under the Constitution or federal law to trigger federal
6  question jurisdiction.

**2.   Diversity Jurisdiction**

Because there are no valid claims arising under the Constitution or federal law, the Court must construe Plaintiff's allegations as tort and fraud claims under state law, and his Complaint must meet the requirements for diversity jurisdiction.  To establish subject matter jurisdiction pursuant to diversity of citizenship, the party claiming jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).  Plaintiff has not established these requirements.

*i.   Citizenship of the Parties*

First, diversity of citizenship is shown when "there is complete diversity between all the named plaintiffs and all the named defendants, and no defendant is a citizen of the forum state." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).  A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The Supreme Court has held that a corporation's "principle place of business" is the "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities" or its "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010).  The "nerve center" is the place "where the enterprise's decisions are made, as opposed to carried out"—it is "the brains of an enterprise, not the brawn."  *United States v. Chao Fan Xu*, 706 F.3d 965, 976 (9th Cir. 2013) (quotation omitted).

Federal courts have repeatedly held that "a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties."  *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012); *see also* Fed. R. Civ. P. Form 7(a).  Dismissal is appropriate

5

1  where a complaint fails to specifically allege the citizenship of the parties. *Id*. Here, Plaintiff
2  asserts that jurisdiction is proper based on the parties' "diversity of residency." Complaint (Dkt.
3  #1-1) at 1. This allegation is insufficient to plead the Defendants' state of incorporation or their
4  principal place of business. As such, Plaintiff has not properly alleged a complete diversity of
5  citizenship.

### ii. *Amount in Controversy*

In addition to citizenship, the party asserting diversity jurisdiction must allege that the amount is controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For jurisdictional purposes, the amount in controversy is generally determined by the amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). Further, a court "generally determines the amount in controversy from the face of the pleadings." *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1018 (D. Nev. 2007) (citing *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000)).

Here, Plaintiff has not affirmatively alleged that the amount in controversy exceeds $75,000.[2] Plaintiff seeks damages to include a refund of all costs associated with the flights, quarantine of Shilo at a veterinarian facility in Guam, and compensation for pain and suffering. Complaint (Dkt. #1-1). Although the Complaint specifically references the costs of the one-way tickets from Guam to the mainland United States—$1,350 for himself and $350 for his pet—he has not stated the cost of the flights on Philippine Airlines. He also fails to state anywhere in the Complaint that the combined damages from his claims exceed $75,000. Thus, Plaintiff failed to allege the minimum amount in controversy on the face of his Complaint. Accordingly, Plaintiff has not pled a basis for this Court to exercise diversity jurisdiction.

Based on the foregoing,

**IT IS ORDERED**:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

---

[2] It should be noted that, even if a complaint alleges the correct jurisdictional amount, dismissal for lack of jurisdiction is appropriate if it appears to a legal certainty that the claim is really for less. *Crum*, 231 F.3d at 1131; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 288–89 (1938).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint but *shall not* issue summons.

4. The Complaint is **DISMISSED WITH LEAVE TO AMEND** as it fails to meet the minimum amount in controversy to invoke diversity jurisdiction. Plaintiff will have thirty (30) days from the date that this Order is entered, until **July 8, 2015**, to file his Amended Complaint, if he believes he can correct the noted deficiencies.

5. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the dismissal of this case, without prejudice.

Dated this 8th day of June, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE